**Ralph J. OTTEN, Plaintiff,**

v.

**UNITED STATES of America and Thomas J. Lunney, The United States Marshal for the Southern District of New York, Defendants.**

United States District Court
S. D. New York.

Nov. 23, 1962.

Whitman, Ransom & Coulson, New York City, for plaintiff; Kevin T. Duffy, New York City, of counsel.

Vincent L. Broderick, U. S. Atty., for Southern Dist. of New York, New York City, for defendants; David R. Hyde, Asst. U. S. Atty., New York City, of counsel.

MacMAHON, District Judge.

This is a motion by the government under Rule 12(b), Federal Rules of Civil Procedure, to dismiss the complaint for lack of jurisdiction. The action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and sounds in conversion seeking to replevy or recover the value plus damages of $25,000 worth of negotiable bonds.

The complaint alleges that plaintiff is the lawful owner and entitled to the immediate possession of the bonds which were stolen from his home in Lower Merion, Pennsylvania in June 1958, but were recovered in September 1958 by the Federal Bureau of Investigation in New York City in the possession of one Dr. Irwin Weingart. The bonds were detained by the Bureau pending investigation of a grand jury of a possible violation of federal statutes prohibiting the transportation of stolen securities. Allegedly, the Bureau has completed its investigation and the matter was presented to a grand jury which refused to return a true bill.

The United States Attorney concedes that there is no further need to detain the bonds as evidence in any pending criminal matter, and the bonds have been transferred to the physical custody of

the United States Marshal. Both the Marshal and the United States Attorney have refused, however, to turn over the bonds without a court order because Dr. Weingart also claims ownership as a bona fide holder for value. Curiously, the government has neither brought an interpleader action nor impleaded Weingart in this action.

The government's motion to dismiss is grounded on the theory that this court has no jurisdiction because of exceptions to its liability contained in Section 2680 (c) of the Federal Tort Claims Act. The relevant sections of the Act provide:

"(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346.

"The provisions of this chapter and section 1346(b) of this title shall not apply to— * * *

"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680.

■■ The Federal Tort Claims Act permits suits, with specified exceptions, against the United States for torts committed by any employee of the government while acting within the scope of his office or employment under circumstances where the government, if a private person, would be liable to the claimant. Assuming, as we must on this motion, that the allegations of the complaint are true, the Marshal, in holding the bonds, is acting as an employee of the government. There can be no doubt that the withholding of bonds from their true owner, without justification, would constitute the tort of conversion.

■ The Federal Tort Claims Act is a remedial statute which must be liberally construed. Winston v. United States, 305 F.2d 253, 270 (2 Cir., 1962). Thus, this action comes within the purview of the Act unless the tort complained of is expressly excepted from its broad coverage.

■ Relying on Section 2680(c), which expressly excepts liability for "the detention of any goods or merchandise by * * * [a] law-enforcement officer," the government contends that the instant complaint falls within that exception. Whether the United States Marshal is a "law-enforcement officer" within the meaning of Section 2680(c) depends upon the capacity in which he is acting in the particular transaction. The allegations of the complaint make clear that in the case at hand, the Marshal is acting not as a law-enforcement officer but as a mere stakeholder. It follows that the exception contained in Section 2680(c) is not applicable to this case.

Accordingly, the motion is in all respects denied. So ordered.